Waties, J.,
declared the resolution of the whole court. First, as to the form of the declaration, and the variance of the proof from the allegations. The judges entertain doubts, whether the statement of the case ought not to have been correspondent to the truth of the facts given in evidence; and, if it were necessary, would postpone the decision of the case till this question could be more fully investigated; but if a new trial were to be granted on this ground alone, the court might give the plaintiff leave to amend her declaration ; or, if a nonsuit should be entered, the plaintiff might recover in another action, or file a new one, and no end of justice would be answered by granting a new trial; therefore we are all of opinion the verdict ought not to be disturbed.
''Secondly: as to the necessity of demanding payment from the maker of the note, or using due diligence for that purpose, and of giving reasonable notice to the indorser of the nonpayment of the note by the maker, we are all of opinion that the strict rule of law was properly dispensed with in this case. It has been decided in our courts repeatedly, particularly in the case of Kiddell v. Pe-ronneau, determined in Charleston many years ago, that a known bankruptcy, or insolvency, shall be equivalent to a demand and notice, though the contrary seems to have been determined in England. But we are not bound by the English decisions, unless they appear to us to comport with reason and justice. There can be no good reason assigned why the indorser should have notice, or that payment should be demanded, or any diligence used, to procure payment from the maker, if he has been publicly declared a bankrupt, or if he be notoriously, and beyond dispute, insolvent. What possible end could it answer ? It has been said the indorser might, by timely notice, take steps to obtain payment, by some extraordinary means, from the maker, who might find some other way to pay the debt than out of his own funds, by the assistance of friends. But surely no such extraordinary means of satisfaction ought to be expected or required. The English judges appear to be sensible of the unreasonable rigor of the rule which has been established- in their country, and sometimes lament that they are not at liberty to depart from it; at least, it would so seem from some expressions which have escaped, on some occasions, in cases determined by them. As in this country we have already relaxed the rule, and qualified it according to reason and the principles of justice, we are not disposed now to reinstate it in its former rigor.
Motion discharged.